IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>SHAWN KNIESLY,<br><br>        Defendant. | 4:20CR3055<br><br>**FINDINGS, RECOMMENDATION<br>AND ORDER** |

Defendant Shawn Kniesly has filed a motion to suppress the evidence obtained from execution of a search warrant, arguing the warrant application lacked a sufficient showing of probable cause. He also seeks suppression of statements he provided, asserting they were involuntarily made in violation of his constitutional rights under the Fifth and/or Sixth Amendment. (Filing No. 21).

The findings and recommendations discussed below address only the Fourth Amendment issues. For the reasons discussed, as to that issue, the motion should be denied. An evidentiary hearing will be set to address the Fifth Amendment issues.[1]

### THE WARRANT APPLICATION

Defendant challenges the search of his cell phone conducted pursuant to a warrant signed on January 29, 2020 by the undersigned magistrate judge. When a warrant is challenged for lack of probable cause, only the information "found within the four corners of the [warrant] affidavit may be considered in determining

---

[1] Defendant's brief does not argue that he was questioned in violation of the Sixth Amendment rights. The court therefore deems that claim abandoned.

the existence of probable cause." United States v. Solomon, 432 F.3d 824, 827 (8th Cir. 2005) (citations omitted).

Special Agent Christina Worster of HSI presented the warrant application to search Defendant Kniesly's residence in Waverly, Nebraska, (Filing No. 23-1), and Defendant's person for electronic devices and child pornography. (Id.) The affidavit submitted in support of the search warrant application contained the following information:

- In April of 2019, HSI in Omaha received several cybertips from Kik, a mobile application designed for chatting and messaging. One of the cybertips concerned an image of child pornography by Kik user "LEMONSTER455" which occurred on April 3, 2019. (Filing No. 23-1 at ¶ ¶ 7, 13, 16). Kik indicated that the LEMONSTER455 account was opened using the name "Shawn K" and the email address of truelypmd@aol.com. (Id. at ¶ 21).

- The IP address associated with the child pornography upload by Kik user LEMONSTER455 was 35.133.107.8. (Id. at ¶ 17). The investigation determined that the IP address was registered to Charter Communications and a subpoena issued to Charter Communications revealed that the account holder for the IP address was Amanda Reitan with the address of [the subject premises] in Waverly, Nebraska. (Id. at ¶ 19). Database searches subsequently revealed that this residential address was jointly purchased by Reitan and the Defendant, Shawn Kniesly on October 2, 2018. (Id. at ¶ 20). Surveillance of the residence conducted revealed the residence had a password protected WiFi network and also that vehicles registered to the Defendant were located at the residence. (Id. ¶ ¶ 27, 28).

- In July of 2019, the National Center for Missing and Exploited Children ("NCMEC") forwarded to HSI in Omaha a cybertip NCMEC received from Facebook. (Id. at 23). The cybertip indicated that Facebook user "Shawn.Kniesly" uploaded an image of child pornography. (Id. at ¶¶ 23, 24). The cybertip report indicated that the "Shawn.Kniesly" Facebook account was created using email account "truelypmd@aol.com and that the user

2

    information for the account [matched the date of birth and phone number Defendant provided] to law enforcement on May 25, 2019.

- A subpoena to AOL indicated that the truelypmd@aol account was assigned to "Shawn Kniesly" and had been accessed using the IP address of the subject premises.

- According to the affiant's training and experience and information related to her by other law enforcement officers involved in child exploitation crimes, she knows that people with an interest in child pornography commonly collect child pornography and maintain their child pornography collection in digital or electronic format. (Id. at ¶ 29). And people with an interest in child pornography often keep their collections close by at their residence or vehicle and prefer not to be without their child pornography for a prolonged time period. (Id.). The affiant stated smartphones and/or mobile devices are often carried on an individual's person and are capable of storing child pornography, (Id. ¶ 30), and individuals interested in child pornography commonly use a Tmobile application to receive, store, distribute, and store child pornography. (Id.).

(Filing No. 25 at CM/ECF p. 3)

    The court issued a warrant authorizing the search of the "entire property" at the subject address, and any person located at the residence. (Filing No. 23-5 at CM/ECF p. 1). The warrant authorized the search of the person of Shawn Kniesly regardless of his proximity to the residence for items including cellphones and electronic storage devices which could be concealed on his person. (Id. at pp. 1-2). The warrant authorized the seizure and search of all "computers" or storage media which could have been used to commit the crimes described in the affidavit. The term "computers" was defined as all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, or storage functions" including smartphones, other mobile phones, and other mobile devices. (Filing No. 23-1 at CM/ECF p. 11; Filing No. 23-5 at CM/ECF p. 5).

The search warrant was served on the subject property on January 30, 2020 by SA Worster and approximately nine other law enforcement officials. Defendant Kniesly was present when the warrant was served. Many electronic devices, including Defendant's cell phone, were seized and searched. (Filing No. 23-4).

ANALYSIS

Defendant argues that all evidence derived from the search of his personal cellphone must be suppressed. Defendant argues the search warrant application did not provide a sufficient nexus between Defendant's personal cell phone and the child pornography crimes indicated in the warrant. (Filing No. 21-1 at CM/ECF p. 4 ("there is nothing within the affidavit for the warrant which would suggest a nexus or link between the alleged criminal conduct . . . and Kniesly's phone.")). Thus, he asserts "Since there is no nexus outlined within the affidavit for the search warrant, and since there is no basis by which to simply 'infer' the phone used by Kniesly contained evidence associated with the crime, there was no probable cause to issue the warrant to search the Defendant's phone." (Filing No. 21-1 at CM/ECF p. 4).

A search warrant is valid if a neutral, detached judge determined there was probable cause to believe evidence, instrumentalities, fruits of a crime, or contraband may be found in the place to be searched. Walden v. Carmack, 156 F.3d 861, 870 (8th Cir. 1998) (citing Warden v. Hayden, 387 U.S. 294 (1967)). Probable cause exists if, under the totality of the circumstances, "there is a fair probability that contraband or evidence of a crime will be found in a particular place." Walden, 156 F.3d at 870 (quoting Illinois v. Gates, 462 U.S. 213, 232 (1983)). Probable cause is "a fluid concept -- turning on the assessment of probabilities in particular factual contexts -- not readily, or even usefully, reduced to a neat set of legal rules." Gates, 462 U.S. at 232. Judges must read applications

4

and affidavits with common sense and not in a grudging, hyper-technical fashion. United States v. Ventresca, 380 U.S. 102, 109 (1965).

There must be evidence of a nexus between the contraband and the place to be searched before a warrant may properly issue. United States v. Colbert, 828 F.3d 718, 726 (8th Cir. 2016), citing United States v. Tellez, 217 F.3d 547, 550 (8th Cir. 2000). The requisite nexus between a particular location and contraband is determined by the nature of the crime and the reasonable, logical likelihood of finding useful evidence." United States v. Etheridge, 165 F.3d 655, 657 (8th Cir. 1999).

In this case, the search warrant affidavit indicated that HSI received multiple cybertips providing information that child pornography had been uploaded to the internet by a specific user. The first cybertip, received in April 2019, concerned child pornography uploaded on Kik by a user identified as "LEMONSTER455" (Filing No. 23-1 at CM/ECF pp. 9-14). The affidavit explained that Kik is a "mobile application" which a user downloads to a cellphone or other electronic device, which can be used to send message and share files. (Filing No. 23-1 at CM/ECF p. 14, ¶ 7). The second cybertip, received in July 2019 concerned child pornography uploaded on Facebook by a user identified as "Shawn.Kniesly". (Filing No. 23-1 at CM/ECF p. 19, ¶ 23-24). The affidavit outlined the links between the defendant and the identified Kik and Facebook accounts.

The child pornography uploaded by "LEMONSTER455" was uploaded using the IP address assigned to Amanda Reitan at the subject premises. (Filing No. 23-1 at CM/ECF p. 18, ¶ 19). The affidavit states that law enforcement database checks show that Reitan jointly purchased the subject premises with Defendant Kniesly on October 2, 2018, prior to the Kik upload. (Filing No. 23-1 at CM/ECF p. 18, ¶ 20). Surveillance on the residence indicated that the residence had a secure

WiFi network and that Defendant Kniesly resided there. (Filing No. 23-1 at CM/ECF pp. 20-21, ¶ ¶ 27, 28). The affiant lists common capabilities of computers, smart phones, and electronic storage devices and states that based on her training and experience, she knows smartphones and mobile devices are commonly used in the execution of child pornography crimes. (Filing No. 23-1 at CM/ECF pp. 11-14, 21-24, ¶ ¶ 6, 29, 30).

The information in the affidavit demonstrated a link between Defendant Kniesly's name and identity and the Kik and Facebook accounts that uploaded child pornography. (Filing No. 23-1 at CM/ECF pp. 19-20, ¶ ¶ 21-25). Both Kik and Facebook have mobile applications. Based on the totality of information presented in the warrant application, there was more than "a fair probability that contraband or evidence of a crime will be found" by searching Defendant Kniesly's person, his property, and his residence. And there was more than a fair probability that evidence of criminal activity would exist in a digital format on devices capable of accessing the internet and digital storage devices, including but not limited to cellphones. There is a clear nexus between Defendant Kniesly's cellphone and the criminal activity of uploading and possessing child pornography. The warrant to search Defendant Kniesly, the subject premises and the contents of any digital storage devices found during the search, was fully supported by probable cause.

Even assuming a Defendant can and has raised a valid Fourth Amendment challenge to a warrant, the evidence obtained from executing that warrant will not be suppressed if the executing officers relied 'in objective good faith on a search warrant.' " United States v. Hessman, 369 F.3d 1016, 1020 (8th Cir. 2004) (citing United States v. Leon, 468 U.S. 897, 922 (1984). The good-faith exception does not apply:

- (1) when the issuing judge is misled by information in the affidavit the affiant knows or should know is false;

- (2) when the issuing judge completely abandons his or her judicial role;

- (3) when the affidavit includes so little indicia of probable cause that official belief in its existence is entirely unreasonable; and

- (4) when the warrant is so facially deficient that the executing officer cannot reasonably presume it to be valid.

Hessman, 369 F.3d at 1020 (citing Leon, 468 U.S. at 923; United States v. LaMorie, 100 F.3d 547, 555 (8th Cir. 1996).

None of the foregoing Leon exceptions apply to the warrant application at issue. Defendant does not challenge any of the information in the warrant application as false, and he does not argue that the government concealed material information. The undersigned magistrate judge does not and did not "rubber stamp" this warrant application. It was thoroughly read and found to contain a substantial basis to believe the requested warrant should be signed. The warrant is not facially deficient, and reliance on the warrant as authority to search the described property was not unreasonable. Even assuming the search warrant should not have been issued, the evidence derived from executing that warrant cannot be suppressed under the Leon good faith exception.

Defendant's motion to suppress based on the Fourth Amendment must be denied.

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable John M. Gerrard, Chief United States District Judge, pursuant to 28 U.S.C. § 636(b), that the Fourth Amendment issues raised in the motion to suppress filed by the defendant (Filing No. 21) be denied without a hearing.

7

The defendant is notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

IT IS ORDERED:

1) That the evidentiary hearing on defendant's motion to suppress statements, (Filing No. 21), will be held before the undersigned magistrate judge on January 11, 2021 at 1:30 p.m. in Courtroom 2, Robert V. Denney Federal Building, 100 Centennial Mall North, Lincoln, Nebraska. Two hours have been set aside for this hearing.

2) Trial of this case is continued pending resolution of any pretrial motions filed.

Dated this 3rd day of December, 2020.

> BY THE COURT:
>
> *s/ Cheryl R. Zwart*
> United States Magistrate Judge